# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Bradley Caston,** | **Case No.:** |
| Plaintiff, | |
| | **Judge:** |
| **Wright State University,** | |
| Defendant. | **COMPLAINT** |
| | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Bradley Caston ("Plaintiff"), for his Complaint against Defendant Wright State University ("Defendant"), states as follows:

## INTRODUCTION

1. This is an action arising under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, to remedy Defendant's discrimination against Plaintiff based on his disability, ADHD, and its failure to provide reasonable accommodations, resulting in his forced withdrawal from the Boonshoft School of Medicine at Wright State University in Dayton, Ohio (the "School").

## PARTIES

2. Plaintiff, Bradley Caston, is a resident of Ohio and, at all times relevant, was a medical student enrolled at the Boonshoft School of Medicine at Wright State University.

3. Defendant, Wright State University, is a public university located in Dayton, Ohio. Defendant is subject to the requirements of Title II of the ADA and the Rehabilitation Act as a public entity receiving federal funding.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal law.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and the events or omissions giving rise to this claim occurred within this district.

**FACTUAL BACKGROUND**

6. Plaintiff has been diagnosed with Adult Attention-Deficit Hyperactivity Disorder ("ADHD"), a condition that substantially limits one or more major life activities, including but not limited to executive functioning, time management, and organization.

7. Plaintiff's ADHD qualifies as a disability under 28 CFR § 35.108(b)(2).

8. Plaintiff enrolled in the Boonshoft School of Medicine and served as an engaged and contributing member of the program, including serving as Class President and establishing partnerships furthering his interest in ophthalmology.

9. Despite his achievements, Plaintiff struggled academically due to his disability, which was exacerbated by the rigorous demands of medical school.

10. Plaintiff failed the "Staying Alive" final exam and its retake. Historically, other students have been permitted a third or fourth attempt at this examination, but Plaintiff was denied a third attempt.

11. On July 18, 2024, Plaintiff withdrew from the program under significant pressure from faculty members.

12. Plaintiff was informed that if he were formally dismissed, it would irreparably harm his ability to pursue medical school elsewhere, effectively coercing him into withdrawing.

13. Plaintiff had informed the School of his ADHD diagnosis both in writing and during his academic appeal hearing. Plaintiff specifically requested academic supports and discussed his disability during the process.

14. The Student Appeals Committee (SAC) recommended Plaintiff's dismissal following the hearing. In its decision, the SAC failed to acknowledge Plaintiff's disability or his request for reasonable accommodations and focused solely on his statement that he would "study harder."

15. Defendant failed to engage in an interactive process to determine reasonable accommodations or modifications for Plaintiff, as required under the ADA and the Rehabilitation Act.

16. Defendant's actions caused Plaintiff to withdraw from the program, barring him from continuing his pursuit of a medical degree and causing him significant harm, including emotional distress, loss of educational opportunity, and career disruption.

17. Defendant's actions created an environment where Plaintiff was left with no reasonable alternative but to withdraw, as the pressure exerted by faculty combined with the denial of accommodations made his continued participation in the program untenable.

18. Under Title II of the ADA, plaintiffs are not required to exhaust internal appeals processes before pursuing legal remedies for discrimination. Title II incorporates the enforcement provisions of the Rehabilitation Act, which do not require exhaustion of administrative remedies.

**CLAIMS FOR RELIEF**

**Count I: Violation of Title II of the Americans with Disabilities Act**

19. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

20. Defendant is a public entity subject to the requirements of Title II of the ADA.

21. Plaintiff is a qualified individual with a disability under the ADA.

22. Defendant discriminated against Plaintiff by failing to provide reasonable accommodations for his disability and by constructively causing his dismissal without considering or implementing such accommodations.

23. Defendant's actions violated Plaintiff's rights under Title II of the ADA.

**Count II: Violation of Section 504 of the Rehabilitation Act**

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Defendant is a recipient of federal financial assistance and is subject to the requirements of the Rehabilitation Act.

26. Defendant discriminated against Plaintiff solely on the basis of his disability by failing to engage in an interactive process to determine reasonable accommodations and by denying him an opportunity to continue his education with appropriate accommodations.

27. Defendant's actions, including its constructive dismissal of Plaintiff, violated Section 504 of the Rehabilitation Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Compensate Plaintiff for his economic damages stemming from Defendant's actions;

2. Enter judgment in Plaintiff's favor on all counts;

3. Order Defendant to permit Plaintiff to rescind his withdrawal and re-enroll in the Boonshoft School of Medicine;

4. Order Defendant to provide reasonable accommodations for Plaintiff's disability, including a third retake of the "Staying Alive" final exam;

5. Award Plaintiff compensatory damages for emotional distress and loss of educational opportunity;

6. Award Plaintiff his reasonable attorney's fees and costs; and

7. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Chanda L. Brown**
Chanda L. Brown (0081076)
WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
Telephone:     (614) 636-3476
Facsimile:       (614) 636-3453
Email: cbrown@waltonbrownlaw.com
*Attorney for Plaintiff Bradley Caston*

## JURY DEMAND

Plaintiff hereby requests a jury of eight (8) persons to hear all issues so triable.

**/s/ Chanda L. Brown**
Chanda L. Brown (0081076)